IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHRISTINE HENDERSON, for
PATRICK HENDERSON,

        Plaintiffs,                                       Case No. 6:18-cv-652-MC

        v.                                                OPINION AND ORDER

TELEW MD, RA; REBECCA and
NICHOLAS TELEW,

        Defendants.
_____

MCSHANE, Judge:

       Plaintiff Christine Henderson, proceeding *pro se* on behalf of her brother Patrick Henderson, brings this malpractice action against her brother's former therapist, alleging "Telew MC committed 'battery' against Patrick Henderson when he prescribed psychotropic medications without notifying Lane County Probate Court or Patrick's guardians to gain consent. Patrick is a non-verbal, moderately delayed, elderly incapacitated person." Complaint, ECF No.

1 at 17. Defendants last treated Patrick Henderson in 2014. Defendants move to dismiss for a variety of reasons.[1]

In general, courts may not consider material outside of the in ruling on a motion to dismiss unless the motion is treated as one for summary judgment and the parties are "given reasonable opportunity to present all materials made pertinent to such motion by Rule 56." *Jacobson v. AEG Capital Corp.*, 50 F.3d 1493, 1496 (9th Cir. 1995). However, courts may take judicial notice of court filings and other matters of public record. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d, 741, 746 n.6 (9th Cir. 2006). It is "proper to take judicial notice of court filings in a state court case where the same plaintiff asserted similar and related claims." *In re Zoran Corp. Derivative Litig.*, 511 F. Supp. 2d 986, 1001 (N.D. Cal. 2007) (citing *Burbank–Glendale–Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir.1998)).

Defendants ask the court to take judicial notice of plaintiffs' state court filings. The request is granted as the documents are judicial filings from the same plaintiff making virtually the same claims against the same defendants. Those filings reveal Christine Henderson filed a nearly identical action in small claims court in January of 2018. That action, which was reassigned out of small claims court, remains pending.[2]

"There is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Systems, Inc. v. Medtronic Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). As that nearly identical case (filed four months before Henderson filed this case) remains pending, this Court declines to exercise jurisdiction and dismisses this action.

---

[1] As plaintiffs move for leave to proceed *in forma pauperis*, the court has an independent duty to screen the application and dismiss any case that is frivolous or fails to state a claim. 28 U.S.C. § 1915(e)(2).

[2] Although Henderson challenges the state court judge's impartiality, the fact remains that the state court litigation remains pending.

Additionally, Christine Henderson lacks standing to pursue this action on behalf of her brother. Christine Henderson is not an attorney and may not proceed *pro se* acting as an attorney on her brother's behalf. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("It is well established that the privilege to represent oneself *pro se* provided in § 1654 is personal to the litigant and does not extend to other parties or entities."

For the reasons stated above, this action is dismissed.

IT IS SO ORDERED.

DATED this 31st day of June, 2018.

      /s/ Michael McShane
Michael McShane
United States District Judge